CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 1 5 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:08CR00018 |
| | ) | (CASE NO. 5:15CV80873) |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| VERNELIUS JACKSON, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Vernelius Jackson, proceeding pro se, filed this motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. Jackson is challenging the validity of his confinement pursuant to the judgment of this court entered October 30, 2009, whereby he was convicted of conspiracy to distribute five grams or more of cocaine base. Upon consideration of the § 2255 motion and the record, the court concludes that the action must be summarily dismissed as untimely filed.[1]

## I.

Jackson pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute five grams or more of cocaine base, in exchange for dismissal of another count. The court granted Jackson's motion for downward departure and sentenced him to 92 months in prison. As stated, the judgment was entered on October 30, 2009, and Jackson did not appeal.

Jackson signed and dated his initial submission on November 22, 2015, and the court received it on November 30. Jackson titled his submission as a "motion to petition for writ of error coram nobis to correct manifest injustice." The court then issued an order, notifying

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

Jackson of the court's intent to construe and address his submission as a § 2255 motion and directing him to submit a properly formatted § 2255 motion if he did not object to the court's construction and wished to have his claims addressed under § 2255. See Castro v. United States, 540 U.S. 375 (2003) (holding that court must offer defendant opportunity to object to court's construction of post-conviction motion as an initial § 2255 action). The court also notified Jackson that as a § 2255 motion, his claims appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of timeliness.

Jackson has now submitted a § 2255 motion on the proper form and signed under penalty of perjury, thus demonstrating his intent to have his claims considered under § 2255. In his motion as amended, Jackson alleges that counsel was ineffective in failing to advise him, before he pleaded guilty, that conviction of the offense charged would result in his deportation from the United States. Jackson has also provided information about the timeliness of his § 2255 motion, making the matter ripe for consideration.

## II.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2255(f). If the district court gives the defendant notice and an opportunity to provide any argument or evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Jackson's § 2255 motion is clearly untimely under § 2255(f)(1). As stated, judgment was entered against Jackson on October 30, 2009. His conviction became final on November 13, 2009, when his opportunity to note an appeal expired. Fed. R. App. P. 4(b)(1)(A) (former version). He then had one year–until November 15, 2010–in which to file a timely § 2255 motion. At the earliest, Jackson's § 2255 motion can be considered filed on November 22, 2015, when he delivered it to prison authorities for mailing to the court. See Rule 3(d), Rules Governing § 2255 Proceedings. Thus, his motion is untimely under § 2255(f)(1). Jackson states no facts triggering calculation of his time limit under § 2255(f)(2), based on governmental impediment, or § 2255(f)(3), based on rights newly recognized by the United States Supreme Court.

Rather, Jackson argues that his claims should be deemed timely under § 2255(f)(4). Under this section, the defendant's period to file a § 2255 motion begins to run on the date when he could first have discovered, with due diligence, a fact necessary to his claims. Jackson alleges that he first learned from his prison case manager on October 31, 2014, that he would be deported after his release from his prison sentence. He submits evidence that Bureau of Prisons officials did not notify him at any earlier time that he would be subject to deportation and allowed him to complete a substance abuse program not normally available to inmates likely to be deported after incarceration. Jackson did not file his § 2255 motion until November 22, 2015,

3

however, more than one year after the date when he allegedly discovered his deportability.[2] Therefore, his motion cannot be deemed timely under § 2255(f)(4).

Finally, Jackson fails to state any facts warranting equitable tolling of the federal filing deadline. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (finding that equitable tolling requires showing of due diligence and "some extraordinary circumstance" that prevented timely filing). Accordingly, the court concludes that Jackson's § 2255 motion must be summarily dismissed as untimely filed.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 15th day of December, 2015.

_____
Chief United States District Judge

---

[2] Moreover, the court's record reflects that Jackson's pending deportation after service of his prison sentence was discussed during sentencing proceedings in October 2009. See, e.g., Sentencing Memorandum 3, ECF No. 73-1; Sentencing Minutes, ECF No. 75.

4